**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>**v.**<br><br>ALEXIS GUTIÉRREZ-MORENO, *et al.*,<br><br>**Defendants.** | **Criminal No.** 21-245 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Two motions are before the Court. First, defendants Alexis Gutiérrez-Moreno, Jhoni Rafael Rodríguez, Gregorys Vanel Rodríguez-Rodríguez, Ramses Tarek Brito-Polmenares, Arévalo José López-Lugo, Joime Rivera-Salazar, Daniel Urgano, Cristian Rodríguez-García ("Rodríguez-García"), Del Wismar Gutiérrez-Salazar, Severino De Jesús-Salazar, Juan Francisco Rivera-Rivera, Alexander Manuel Gutiérrez-Campos, Edwin José Ordaz-Batis, Yorbis Espinosa, Antonio José Labrador, Antonio Rafael Martínez-Moreno, Edi Peña-Bravo, and Yonathan Polanco-Beltré (collectively, "defendants") move to dismiss the indictment for lack of jurisdiction. (Docket No. 108.) The Court denied this motion on July 20, 2022. See United States v. Gutiérrez-Moreno, Case No. 21-245, 2022 U.S. Dist. LEXIS 129751 (D.P.R. July 20, 2022)

(Besosa, J.). The defendants request that the Court reconsider this disposition. (Docket No. 240.)

Second, Rodríguez-García moves to suppress post-arrest statements pursuant to the Fifth and Sixth Amendments. (Docket No. 108.) The Court referred this motion to a magistrate judge for a report and recommendation ("R&R"). (Docket No. 120.) Magistrate Judge Marcos E. López ("López") issued the R&R on August 10, 2022. (Docket No. 244.) Rodríguez-García filed an objection. (Docket No. 250.) The United States did not respond.

For the reasons set forth below, the defendants' motion for to reconsider the denial of their motion to dismiss is **DENIED.** (Docket No. 240.) The Court also **ADOPTS** the R&R in its totality. (Docket No. 244.) Accordingly, Rodríguez- García's motion to suppress is **DENIED.** (Docket No. 108.)

**I. The Motion for Reconsideration**

The Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration. See United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014) ("[M]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule.") (internal citation omitted). The First Circuit Court of Appeals, however, applies the legal standard pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") to motions for reconsideration arising in the criminal context.

See, e.g., United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (applying the legal standard for Rule 59(e) to a motion for reconsideration in a criminal case).

Pursuant to Rule 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (internal citation omitted).

In deciding a motion for reconsideration, the reviewing court possesses considerable discretion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004). "As a general rule, motions for reconsideration should only be exceptionally granted." Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (Domínguez, J.). "Rule 59(e) relief is granted sparingly . . . ." Biltcliffe, 772 F.3d at 930.

The Court denied the defendants' motion to dismiss, holding that the "[Maritime Drug Law Enforcement Act ("MDLEA")] is

applicable because the flag state [*i.e.* Venezuela] provided consent to prosecute. Extraterritorial jurisdiction is proper pursuant to the territorial principle." Gutiérrez-Moreno, 2022 U.S. Dist. LEXIS 129751, at *12.

The defendants cite New York State Rifle & Pistol Assn., Inc. v. Bruen, 142 S. Ct. 2111 (2022), and Dobbs v. Jackson Women's Health Org., 142 S. Ct. 2228 (2022), in support of their motion for reconsideration. (Docket No. 240.) First, they assert that in Bruen the Supreme Court supplanted the "plain text" method of interpretation with an emphasis on "historical tradition." Id. at p. 2. According to the defendants, the MDLEA is an "exercise of legislative power . . . beyond what was originally authorized by the Constitution." Id. Bruen is, however, inapposite. This decision concerned the Second Amendment of the United States Constitution. Bruen, 142 S. Ct. 2111. The Supreme Court held that:

> [When] the **Second Amendment's** plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.

Id. at 2126 (emphasis added). Relying on the founding father's understanding of the Second Amendment is not a license for this Court to invalidate the MDLEA.

Second, the defendants urge the Court to abandon *stare decisis* by disregarding authoritative precedent. (Docket No. 240 at p. 7.) In Dobbs, the Supreme Court held that:

> We have long recognized [. . .] that *stare decisis* is not an inexorable command, and it is at its weakest when we interpret the Constitution. It has been said that it is sometimes more important that an issue be settled than it be settled right. But when it comes to the interpretation of the Constitution – the great charter of our liberties, which was meant to endure through a long lapse of ages – we place a high value on the matter settled right.

142 S. Ct. at 2262 (internal citation and quotation omitted). The Supreme Court declared that "Roe and Casey must be overruled, and the authority to regulate abortion must be returned to the people and their elected representatives." Id. at 2279.

This Court is bound by precedent and operates within the confines of the common law. The doctrine of "*stare decisis* precludes the relitigation of legal issues that have previously been heard and authoritatively determined." Stewart v. Dutra Constr. Co., 230 F.3d 461, 467 (1st Cir. 2000); Gately v. Massachusetts, 2 F.3d 1221, 1226 (1st Cir. 1993) (holding that *stare decisis* "renders the ruling of law in a case binding of future cases before the same court or other courts owing obedience

to the decision"). "Any departure [from precedent] demands special justification." Serra v. Quantum Servicing, Corp., 747 F.3d 37, 40 (1st Cir. 2014) (citing Arizona v. Rumsey, 467 U.S. 203, 212 (1984)).

The Court's decision is based on MDLEA jurisprudence by the First Circuit Court of Appeals. The defendants provide no "special justification" for this Court to overrule a higher court by invalidating flag state consent in an MDLEA prosecution. The Supreme Court certainly did not authorize district courts to strike acts of Congress and flout *stare decisis* by overruling Roe v. Wade, 410 U.S. 113 (1973), and Planned Parenthood v. Casey, 505 U.S. 833 (1992). Consequently, the defendants' motion for reconsideration is **DENIED**. (Docket No. 240.)

**II. The Report and Recommendation**

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Local Rules Dist. P.R.R. 72(a). Any party adversely affected by the R&R may file written objections within fourteen days of being served with the magistrate judge's report. See 28 U.S.C. § 636(b)(1); Local Rules Dist. P.R.R. 72(d). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1). Failure to comply with this rule precludes further review. See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Álamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (Domínguez, J.). Furthermore, the Court may accept those parts of the R&R to which the parties do not object. See Hernández-Mejías v. General Elec., 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (Fusté, J.) (citation omitted).

The arguments offered in support of Rodríguez-García's objection are unavailing. Drug Enforcement Administration special agent Lorena Jiménez ("Jiménez") interviewed Rodríguez-García after his arrest. (Docket No. 244 at p. 10.) He stated that he worked as a chef on the vessel seized by the United States Coast Guard, and that the "crew found abandoned bales floating about 140 miles from Venezuela," and that "they decided to collect the bales." Id. (internal quotation omitted). He had no knowledge of who owned these bales, but "he knew there was contraband/drugs." Id. Before disclosing this information to special agent Jiménez, Rodríguez-García signed and initialed an "Advise of Rights" form. Id. At 9. This form set forth the Miranda warnings in Spanish,

"his mother tongue." Id. P. 16. Rodríguez-García argued, however, that DEA agents "never explained the contents of the [waiver] he was signing, nor was he aware of his right not to address his captors during the interview." (Docket No. 108 at p. 21.) DEA agents purportedly told Rodríguez-García that "he should talk if he wanted to see his children again and avoid a lengthy period of imprisonment." (Docket No. 244 at pp. 17-18.)

Nothing in Rodríguez-García's objection undermines the magistrate's recommendation. The Court concurs with the R&R that:

> Under the totality of the circumstances, any comments by [DEA agents], in combination with Defendant's fatigue and inexperience with the American justice system, are not enough to outweigh the circumstances indicating Defendant's voluntary waiver. In particular, Defendant was an adult of 33 years, advised of his rights in his own language, not intentionally deprived of shelter, never deprived of food, water, or clothing, and not subjected to a lengthy interrogation to coerce a confession.

Id. at p. 21.

Rodríguez-García's other argument, that the United States improperly delayed his initial appearance, also has no merit. The R&R held that "there is no evidence which indicates that Defendant's transportation by two different Coast Guard vessels for a total of six days between June 22 and June 28, 2021 resulted in unreasonable delay of his initial appearance before a magistrate judge under either [Federal Rule of Criminal Procedure 5(a)] or 18

U.S.C. section 3501." Id. at p. 27. The Court agrees with this recommendation. Consequently, the magistrate judge's findings and recommendations are **ADOPTED.** The motion to suppress Rodríguez-García's post-arrest statements is **DENIED.** (Docket No. 108.)

## III. Conclusion

For the reasons set forth above, the defendants' motion for reconsideration is **DENIED.** (Docket No. 240.) The Court **ADOPTS** the R&R. (Docket No. 244.) Accordingly, Rodríguez-García's motion to suppress is **DENIED.** (Docket No. 108.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 11, 2022.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE